IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. CR-12-258-D |
| | ) | |
| ANDRE LAMARR LAW, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Case for Want of Jurisdiction

[Doc. No. 13], which the government has timely opposed.  On February 28, 2013, the Court

conducted a hearing on pretrial motions, and the parties stated their agreement that this

Motion raises only legal issues that are appropriate for determination based on the case

record.  Thus, the Court rules on the Motion as follows.

Defendant is charged in a one-count Indictment with possession of a firearm and

ammunition after a prior felony conviction, in violation of 18 U.S.C. § 922(g)(1).  Defendant

seeks dismissal of the Indictment on the ground that the government cannot prove an

essential element of the charge because he was not convicted of a felony before the alleged

offense.

**Standard of Decision**

Rule 12(b)(2) of the Federal Rules of Criminal Procedure "permits pretrial resolution

of a motion to dismiss the indictment only when 'trial of the facts surrounding the

commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).   Generally, "an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."  *United States v. Todd,* 446 F. 3d 1062, 1067 (10th Cir. 2006) (internal quotation omitted).   However, a court "may entertain motions that require it to answer only pure questions of law," and "may entertain even motions to dismiss that require resort to facts outside the indictment . . . in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that, '*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'" *Pope*, 613 F.3d at 1260-61 (quoting *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994); emphasis in original); *see also Todd*, 446 F.3d at 1068.

Defendant's Motion presents the limited circumstances in which a pretrial motion to dismiss the Indictment may properly be considered.  The parties agree to the consideration of facts shown by state court records regarding the felony case on which the government relies for its charge that Defendant was prohibited from possessing a firearm or ammunition on July 15, 2012.  Based on these records, Defendant asserts that he had not been convicted of a felony but, instead, had received a deferred sentence from the District Court of Oklahoma County, Oklahoma.  Defendant argues that, under Oklahoma law, his deferred sentence was not a felony conviction.  The government disagrees, arguing that the deferred

sentence constituted a "conviction" because the deferral period had not expired on July 15, 2012.  The sole issue raised by Defendant's Motion is whether his deferred sentence constitutes a conviction for purposes of 18 U.S.C. § 922(g)(1).

## Discussion

As an element of the offense charged in the Indictment, the government must prove that before the date of the alleged offense, Defendant "ha[d] been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  *See* 18 U.S.C. § 922(g)(1).  For purposes of this statute, federal courts look to state law "to determine if a defendant has been convicted of a felony and, if so, whether his conviction has been set aside, expunged, or [whether] he has been pardoned or had his civil rights restored."  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *see also* 18 U. S. C. § 921(20).

The state court records regarding Defendant's prior criminal offense show, and Defendant concedes, that he entered a plea of guilty in Case No. CF-2007-3610, in the District Court of Oklahoma County, Oklahoma, to possession of marijuana with intent to distribute on June 14, 2007, in violation of Okla. Stat. tit. 63, § 2-401.  This crime is a felony offense, punishable by a prison term of not less than two years.  The parties in that case agreed, however, on a five-year deferred sentence and dismissal of an additional charge. Consistent with the parties' agreement, the state court found Defendant guilty as charged on July 15, 2008, but deferred his sentencing until July 15, 2013, and imposed conditions of supervised probation, with supervision to end when all court-ordered costs and fines were

paid.  Copies of the charging information, the plea of guilty, and the deferred sentence appear as Exhibits 1, 2 and 3, respectively, to the government's response brief [Doc. No. 15].

Defendant does not contend his five-year deferred sentence had expired before July 15, 2012, the date charged in the Indictment.[1]  Also, Defendant concedes the Oklahoma Court of Criminal Appeals has expressly held that an unexpired deferred sentence under Okla. Stat. tit. 63, § 2-410, constitutes a conviction.  *See Platt v. State*, 188 P.3d 196, 199 (Okla. Crim. App. 2008); *see also United States v. Hutchinson*, 438 F. App'x 681, 685 (10th Cir. 2011).  Instead, Defendant argues his deferred felony sentence was not governed by § 2-410, but by a general deferral statute, Okla. Stat. tit. 22, § 991c, under which a deferred sentence "does not operate as a conviction."  *See Hutchinson*, 438 F. App'x at 684.  Alternatively, if the Court finds that § 2-410 would otherwise apply, Defendant contends he did not receive proper notice, and so should not be held to the limitations of that statute.

Defendant's argument hinges on the wording of § 2-410 in 2007, when he committed his prior drug offense.  At that time, the statute authorized a trial court to defer the entry of judgment and place on probation a first-time drug offender who "pleads guilty to or is found guilty of possession of a controlled dangerous substance under Section 2-402."  *See* Okla. Stat. Ann. tit. 63, § 2-410 (West 2004); *see also Platt*, 188 P.3d at 197 n.4 (quoting original statute).  However, § 2-410 was amended effective June 2, 2008, prior to the time Defendant

---

[1] Defendant does argue that his period of supervision ended in May, 2010, presumably when he satisfied the obligation to pay court costs and fines.  Defendant neither offers a factual basis for this contention nor explains its legal significance.

entered his guilty plea. The quoted language was expanded to include a first-time drug offender who "pleads guilty or nolo contendere to or is found guilty of a violation of the Uniform Controlled Dangerous Substances Act." *See* 2008 Okla. Sess. Law Serv. Ch. 308 (West) (available on Westlaw as OK LEGIS 308 (2008)); *see also* Okla. Stat. tit. 63, § 2-410(A). The offense to which Defendant pled guilty, a violation of § 2-401, is contained within the Uniform Controlled Dangerous Substances Act, Okla. Stat. tit. 63, § 2-101 *et seq.* Thus, the deferred sentence ordered in Defendant's case in July, 2008, was plainly authorized by § 2-410, and his guilty plea was a "conviction" under state law until the deferred sentence was satisfied. *See Platt*, 188 P.3d at 198.

This Court has previously held, and the Tenth Circuit has agreed, that § 2-410 applies whenever an Oklahoma criminal defendant pleads guilty to a drug offense under the Uniform Controlled Dangerous Substances Act, regardless whether the state trial court that ordered the deferred sentence specified the statute under which it was imposed. *See Hutchinson*, 438 F. App'x at 685. Similarly in this case, Defendant points to no legal authority for the proposition that a state district court must identify the deferral statute on which it relies in imposing a deferred sentence, or that § 2-410 does not apply if the deferred sentence omits a citation of statutory authority. The Oklahoma Court of Criminal Appeals has indicated that a deferred sentence imposed for a drug offense after § 2-410 was enacted would automatically be governed by that statute. *See Hefner v. State*, 542 P.2d 527, 531 (Okla. Crim. App. 1975). Although *Hefner* involved the question of whether the deferred sentence of a defendant who testified as a trial witness constituted a felony conviction for

5

impeachment purposes, the Court finds it supports the conclusion that a deferred sentence for a drug offense under the Uniform Controlled Dangerous Substances Act is governed by § 2-410, notwithstanding the failure of the trial court to specify any statutory authority. Defendant's argument to the contrary is rejected.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Case for Want of Jurisdiction [Doc. No. 13] is DENIED.

IT IS SO ORDERED this 6th day of March, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE